IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00603-BNB

BURTON SANDLES,

     Plaintiff,

v.

COLORADO COALITION FOR THE HOMELESS,

     Defendant.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
_____

     Plaintiff, Burton Sandles, initiated this action by filing *pro se* a Complaint.  The

court must construe the Complaint liberally because Mr. Sandles is not represented by

an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a

*pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Sandles

will be ordered to file an amended complaint if he wishes to pursue his claims in this

action.

     The court has reviewed the Complaint and finds that the Complaint does not

comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice

of the basis for the claims against them so that they may respond and to allow the court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Sandles fails to provide a short and plain statement of the grounds for the

court's jurisdiction.  In other words, Mr. Sandles fails to identify the statutory authority

that allows the court to consider the claims he is asserting in this action against

Defendant.

> Federal courts are courts of limited jurisdiction.  They
> possess only that power authorized by Constitution and
> statute, which is not to be expanded by judicial decree.  It is
> to be presumed that a cause lies outside this limited
> jurisdiction, and the burden of establishing the contrary rests
> upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Mr. Sandles also fails to provide a short and plain statement of his claims

showing that he is entitled to relief.  For one thing, Mr. Sandles' handwriting is difficult to

read.  It is Mr. Sandles' responsibility to present his claims clearly and concisely in a

legible format that allows the court and Defendant to know what claims are being

asserted and to be able to respond to those claims.

Mr. Sandles also fails to allege specific facts that demonstrate why he is suing Defendant in this action.  In order to state a claim in federal court, Mr. Sandles "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Mr. Sandles' vague and conclusory references to negligence and pain and suffering are not sufficient to state a cognizable claim for relief.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For all of these reasons, Mr. Sandles will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action.  Accordingly, it is

ORDERED that Mr. Sandles file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Sandles shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Sandles fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without

3

further notice.

DATED March 14, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge