IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00603-BNB

BURTON SANDLES,

    Plaintiff,

v.

COLORADO COALITION FOR THE HOMELESS,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Burton Sandles, initiated this action by filing *pro se* a complaint (ECF No. 1). On March 14, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Sandles to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On March 16, 2012, Mr. Sandles filed an amended complaint (ECF No. 7). On April 2, 2012, Mr. Sandles filed a Motion to Appoint Counsel (ECF No. 8) and another amended complaint (ECF No. 9) that appears to be identical to the amended complaint filed on March 16 but does not include all of the attachments submitted on March 16. On April 9, 2012, Mr. Sandles filed a Motion for Default Judgment (ECF No. 11) and another amended complaint (ECF No. 10) that also appears to be identical in substance to the prior amended complaints but with different attachments. The Court will address Mr. Sandles' claims as they are set forth in the most recent amended complaint filed on April 9.

    The Court must construe the amended complaint liberally because Mr. Sandles

is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant like Mr. Sandles.  *See id.*  For the reasons stated below, the action will be dismissed for lack of subject matter jurisdiction.

As noted, Magistrate Judge Boland directed Mr. Sandles to file an amended complaint that complies with the pleading requirements of Rule 8.  One of the deficiencies noted by Magistrate Judge Boland was the fact that Mr. Sandles failed to include in the original complaint a short and plain statement of the grounds for the Court's jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1).  More specifically, Mr. Sandles failed to identify the statutory authority that allows the Court to consider the substance of the claims he is asserting against Defendant.  As Magistrate Judge Boland explained:

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Furthermore, the issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).

In his amended complaint, Mr. Sandles apparently seeks to invoke the Court's jurisdiction to consider a federal question because he lists "28 U.S.C. 1443(1) (Federal Question)" in the "Jurisdiction" section of the amended complaint.  (*See* ECF No. 10 at 2.)  Although the specific statute Mr. Sandles cites, 28 U.S.C. § 1443(1), authorizes the

removal of certain cases from state court to federal court and does not grant jurisdiction over federal questions, the Court construes the amended complaint liberally as asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

As § 1331 makes clear, the Court has subject matter jurisdiction over federal questions. However, Mr. Sandles does not assert any claims that specifically raise a federal question and, even construing the amended complaint liberally, he fails to allege any facts that arguably might support a federal question claim against Defendant. Instead, Mr. Sandles is asserting one or more state law negligence claims against Defendant. (*See* ECF. No. 10 at 2-5; ECF No. 8 at 1.) According to Mr. Sandles, he is entitled to damages for the loss of his personal property that occurred after Defendant negligently failed to notify him about eviction proceedings taking place while he was incarcerated, which allegedly resulted in the wrongful eviction of Mr. Sandles and a sheriff's sale of his personal property that remained in the apartment from which he was evicted. (*See id.*) Without addressing the merits of this theory of liability, the Court finds that Mr. Sandles may not assert his negligence claims against Defendant pursuant to § 1331 because state law negligence claims do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If Mr. Sandles wishes to pursue a state law negligence claim against Defendant, he must do so in state court. Therefore, the action will be dismissed without prejudice for lack of subject matter jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the complaint, the amended complaints, and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that the Motion to Appoint Counsel (ECF No. 8) filed on April 2, 2012, and the Motion for Default Judgment (ECF No. 11) filed on April 9, 2012, are DENIED as moot.

DATED at Denver, Colorado, this   17th   day of    April        , 2012.

BY THE COURT:


   s/Lewis T. Babcock                
LEWIS T. BABCOCK, Senior Judge
United States District Court